The opinion of the court was delivered by
Egan, J.
This case was before us at the last term on an injunction against executory proceedings; see 29 A. 262. It now comes up on appeal from a judgment rendered via ordinaria, to which the form of' action was changed subsequent to our decree.
The plaintiffs’ claim is for judgment and recognition of mortgage, as holders before maturity of a note secured by mortgage, given under the'following circumstances:
On the twenty-sixth of November, 1873, S. M. Hart and F. E. Hebert, individually, executed their promissory note, payable to the order of Hart & Hebert, a commercial firm composed of themselves. The payment of the note was secured by mortgage in favor of the said commer *869 cial partnership or any future holder of the same, on property of which 'S. M. Hart and E. E. Hebert, individually, were joint owners.
The mortgage contained the pact de non alienando. The firm subsequently failed, and transferred the mortgaged property with other assets to liquidators for the benefit and account of their creditors. The liquidators, claiming to be third possessors, intervened, and set up that the plaintiffs had no mortgage. That if any ever existed it was extinguished by confusion and compensation. The ground taken is that S. M. Hart and E. E. Hebert, the mortgagors, being the same persons who composed the firm of Hart & Hebert, in whose favor the note and mortgage were executed, they were at once the owners of the property and of the mortgage and note which it was intended to secure. In other words, that they were at one and the same time both mortgagors and mortgagees, and makers and payees of the note. That one can not make a mortgage in his own favor, but only of another, under article 3290 of the Civil Code, and that thus the extinguishment and confusion pleaded took place. C. C. 3374 It is hardly necessary to say that if there were that identity argued for by the counsel for the interven - ors, it could not affect the notes which would then be simply payable to their own order, and when indorsed to third persons be exigible by them. This, however, is not contended. It is, however, true to say that “ the ideal thing,” the partnership, is perfectly distinct from the individuals who compose it; and may have, indeed, always does have properties, rights, and obligations equally distinct, and which the law so recognizes. 'This is elementary. Our own C. C., article 2856, says: “ Every partner owes to the'partnership all that he has promised to bring into the same.” Article 2857 : That, in caso of eviction of a thing promised to be brought into the partnership, he is bound in the same manner as a seller toward the purchaser who buys from him. Article 2858 : That he owes interest on sums promised to be put in the partnership from the day he was bound to pay the same; and so, also, on moneys taken out of the funds of the partnership;.so, also, by the next article, 2859, does he owe the profits made by his skill or industry or credit when he agrees to furnish them, while, on the other hand, he is a creditor of the partnership for any sums paid for its account and obligations, as well as losses incurred for its benefit. C. C. 2864 In view of these provisions, the fallacy of the argument is manifest, for if there may be a principal obligation of the partners toward the partnership, then may it likewise have its accessory security, the mortgage, as well. There is nothing in the law to prohibit it, and it is of common occurrence, either to make up the original capital, or to raise funds for the use of the partnership; and this may be done by one or all of the partners. The argument of intervenors’ counsel proves too much, for, if carried out, it would result *870 in the inevitable conclusion that though the title to the mortgaged property, and. of all their other property, was in the name of the individuals, it belonged to the partnership, because it belonged to the individual partners. This is not true of any property, and it has been often held that land even acquired in the name of a commercial firm belongs not to it, but to the individual members, and is not even liable to be first discussed by partnership creditors. See Poydras vs. Laurens, 6 A. 771; Stillman vs. Purnell, 3 L. 497; Weld vs Peters, 1 A. 432. But, were it otherwise, it was competent for either or both the partners not only to exécute notes, but, also, to give mortgages to secure them in the hands of any future holder, or to secure debts having no legal existence at the date of the mortgage. C. C. 3292, 3293; 7 A. 297; 18 A. 234; 21 A. 668; 22 A. 286.
We recently held, in the case of Billgery vs. Ferguson, see 30 A. p. 84, that a mortgage, if even given without any consideration, arising between the parties at the time, but on its face to secure certain promissory notes named therein, which subsequently passed into the hands of a third bona fide holder, was enforceable in law at the instance of such holder, and for his benefit.
In the present case the note sued on did so pass before maturity, and there is nothing to question the good faith, either of the makers or of the holders, nor is it in any manner shown, or even pleaded, as it was in the Billgery case, that the transaction was simulated or unreal. On the contrary, there is every thing to support the reality and legality of both note and mortgage. Indeed, it is in evidence that another note of the same class and amount, secured by the same mortgage, had been actually paid. The intervenors claim to be third possessors, but are not under the evidence entitled to occupy even that position, as they are shown to be and allege themselves simply liquidators of Hart & Hébert, and in that capacity to have received from the partners a transfer of the land mortgaged for the benefit of creditors. This is at best but a security and means for the payment of the debts, coupled with the power to sell the property for that purpose, the real title being still in the hands of the debtors. This, however, is immaterial, as we have already seen that the mortgage contains the pact de non alienando, which entitles the mortgagee to proceed directly against the property, without resort to the delays and formalities of an hypothecary action.
The judgment appealed from is correct, and is affirmed. It is further ordered that the appellants pay the costs of appeal.